1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BRIAN L. BROWN,                        No.  2:15-cv-1212-JAM-EFB P

12              Plaintiff,

13        v.                                ORDER AND FINDINGS AND
                                            RECOMMENDATIONS
14   GARDNER, et al.,

15              Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  Defendants have filed a motion for an order revoking plaintiff's in forma pauperis

19   status.  ECF No. 13.  For the following reasons, the motion must be granted.

20   **I.      Background**

21        This action proceeds on the complaint filed June 5, 2015.  ECF No. 1.  Plaintiff alleges

22   that he was injured when he fell from a top bunk.  *Id.* at 7.  According to plaintiff, he was

23   assigned to the top bunk in violation of a preexisting medical order for a lower bunk assignment.

24   *Id.*  Each defendant, in one way or another, ignored plaintiff's requests for assistance in being

25   assigned to a lower bunk.  *Id.* at 7-11.

26   **II.     The Motion to Revoke *IFP* Status**

27        28 U.S.C. § 1915 authorizes federal courts to allow certain litigants to sue without

28   prepayment of the ordinary filing fee (commonly referred to as "proceeding in forma pauperis").

1

1   These litigants must show that they are unable to pay the fee. 28 U.S.C. § 1915(a)(1).  Prisoners

2   face additional barriers to proceeding in forma pauperis.  One such barrier, known as the "three

3   strikes" provision, provides: "In no event shall a prisoner bring a civil action under this section if

4   the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

5   brought an action or appeal in a court of the United States that was dismissed on the grounds that

6   it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the

7   prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v.*

8   *King*, 398 F.3d 1113, 1116 n. 1 (9th Cir. 2005).  Prior cases that fall within the categories

9   described by § 1915(g) are known as "strikes."  Thus, under § 1915(g), a prisoner with three or

10  more strikes (and who was not under imminent danger at the time of filing the complaint) may

11  not proceed in forma pauperis and must instead pay the full filing fee up front.  *Andrews v.*

12  *Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007).

13      A case is "frivolous" under § 1915(g) "if it is of little weight or importance: having no

14  basis in law or fact."  *King*, 398 F.3d at 1121 (internal quotation marks omitted).  "A case is

15  malicious if it was filed with the intention or desire to harm another."  *Id.*  And a case "fails to

16  state a claim upon which relief may be granted" if it fails to state a claim under Federal Rule of

17  Civil Procedure 12(b)(6).  *Id.*

18      When a defendant challenges a prisoner's right to proceed in forma pauperis, the

19  defendant bears the burden of producing sufficient evidence to establish that the plaintiff has

20  sustained three strikes.  *King*, 398 F.3d at 1120.  To discharge this burden, the defendant must

21  produce court records or other documentation that will allow the district court to determine that

22  three prior cases were dismissed for the reasons set forth in § 1915(g).  Once the defendant has

23  done so, the burden shifts to the plaintiff to persuade the court that § 1915(g) should not apply.

24  *Id.*

25      The Ninth Circuit has cautioned district courts to look closely at dismissal orders and any

26  other relevant information in determining whether a case was dismissed for one of the reasons

27  listed in § 1915(g).  *King*, 398 F.3d at 1121.  The court may deny in forma pauperis status only

28  /////

2

1    when, after this careful evaluation, the court determines that the prior actions were dismissed

2    because they were frivolous, malicious or failed to state a claim.  *Id.*

3        Defendants identify three cases[1] as strikes within the meaning of § 1915(g):

4        (1) *Brown v. Warden, North Kern State Prison, et al.* (E.D. Cal. Case No. 1:12-cv-01707-

5            DLB) (hereinafter "*Brown I*").  In *Brown I*, plaintiff challenged the computation of his

6            sentence credits.  The court dismissed the case without prejudice because success in

7            the action would have necessarily impacted the duration of plaintiff's confinement,

8            and plaintiff had not obtained a favorable result in a habeas action challenging the

9            sentence-credit computation.  ECF No. 14 at 8-10 (applying the rule of *Heck v.*

10           *Humphreys*, 512 U.S. 477 (1994)).

11       (2) *Brown v. North Kern State Prison, et al.* (E.D. Cal. Case No. 2:13-cv-02425-CKD)

12           (hereinafter "*Brown II*").  Plaintiff again challenged the computation of his sentence

13           credits in *Brown II.*  And, again, the court dismissed the complaint, referring to it as

14           "essentially an improper second attempt to present claims which cannot be presented

15           in a § 1983 action [before a favorable ruling on the claims has been obtained in a

16           habeas action]."  ECF No. 14 at 16-18.  The court noted that plaintiff had also filed a

17           federal habeas petition presenting the same claims, which was pending at the time of

18           the *Brown II* dismissal (and was eventually dismissed after consideration of the

19           merits): *Brown v. Swarthout* (E.D. Cal. Case No. 2:13-cv-01406-TLN-CKD).

20       (3) *Brown v. North Kern State Prison, et al.* (Ninth Cir. Case No. 13-15732) (hereinafter

21           "*Brown III*").  In *Brown III*, plaintiff appealed the dismissal of *Brown II.*  ECF No. 14

22           at 22.  The appellate court denied plaintiff's motion to proceed in forma pauperis after

23           finding the appeal "frivolous" under 28 U.S.C. § 1915(a).  *Id.* at 22-23.  The appeal

24           was later dismissed when plaintiff failed to pay the filing fee.  *Id.* at 24.

25       Defendants have discharged their burden of presenting the court with sufficient evidence

26   that these three cases qualify as strikes.  Plaintiff failed to state a claim upon which relief may be

27   _____

28   [1] The court grants defendants' request for judicial notice of selected records from these
     actions.  ECF No. 14.

                                            3

1    granted in *Brown I*, because he had not overcome the *Heck* bar prior to filing it.  *See, e.g.,*

2    *Martinez v. State*, No. 1:15-cv-01541-LJO-SAB (PC), 2015 U.S. Dist. LEXIS 153425, at *4-5

3    (E.D. Cal. Nov. 10, 2015) (noting that, although the Ninth Circuit has not addressed the issue yet,

4    district courts within the circuit have concluded that a dismissal pursuant to *Heck* counts as a

5    strike under § 1915(g), and collecting cases); *Hardaway v. Days*, No. C 15-0495 RMW (PR),

6    2015 U.S. Dist. LEXIS 152682, at *4-5 (N.D. Cal. Nov. 10, 2015) ("[W]hen a case is dismissed

7    under *Heck*, the complaint fails to state a claim upon which relief can be granted; as such, the

8    dismissal is a strike under Section 1915(g)." (internal quotation marks omitted)).

9          *Brown II* constitutes a strike because the district court found it to be "an improper second

10    attempt" to present the claims that had been dismissed in *Brown I* without overcoming the *Heck*

11    bar first.  ECF No. 14 at 17; *see also Crisafi v. Holland*, 655 F.2d 1305, 1309 (9th Cir.) ("A

12    complaint that merely repeats pending or previously litigated claims may be considered

13    abusive.").  The case can be seen as a strike either for being frivolous (as duplicative of a failed

14    case) or for failing to state a claim (because the *Heck* bar remained, the allegations in *Brown II*

15    failed to state a claim just as the same allegations failed to state a claim in *Brown I*).

16          Plaintiff argues that *Brown II* should not count as a strike because he had followed the

17    court's instruction in *Brown I* that he could refile the case after he had obtained a favorable

18    habeas ruling.  Plaintiff claims that he obtained a favorable ruling in a habeas petition filed in

19    Kings County Superior Court on April 12, 2012.  *See* ECF No. 19 at 22-23.  But that petition was

20    denied on August 27, 2012.  *Id.*  Plaintiff argues that the state court ruling was erroneous.

21    However, his disagreement with the state court's reasoning in denying his habeas petition does

22    not establish that he obtained a favorable ruling on the sentence-credit claims before he filed

23    *Brown II*.  The question is not whether plaintiff or the state court had the better view of the merits

24    of plaintiff's petition, but rather whether the state court *granted* the petition, which it did not.

25    Because the case remained barred by *Heck*, it constitutes a strike under § 1915(g).

26          Lastly, the dismissal of *Brown III* after plaintiff failed to pay the filing fee constitutes a

27    strike because the Ninth Circuit expressly found the appeal to be frivolous under § 1915(a) in

28    denying plaintiff in forma pauperis status (as did the district court).  ECF No. 14 at 18, 22;

*Thomas v. Yates*, No. 1:10-cv-01234-SKO PC, 2012 U.S. Dist. LEXIS 89172. at *10-11 (E.D. Cal. June 27, 2012) (noting that, although the Ninth Circuit has yet to address the issue, two circuit courts and many district courts within the Ninth Circuit have held that dismissal of an appeal for failure to pay the fee following a denial of in forma pauperis status on the grounds the appeal is frivolous constitutes a strike); *see also Hafed v. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011); *Davis v. Kelso*, No. 1:10-cv-01184-LJO-GBC (PC), 2011 U.S.Dist.LEXIS 101575, at *7-8 (E.D. Cal. Sept. 8, 2011).

Defendants have met their burden of establishing that plaintiff has sustained three strikes within the meaning of § 1915(g), and plaintiff has not rebutted that showing.[2] Nor has he attempted to establish that he was under threat of imminent danger at the time he filed the complaint in this action.  (Defendants point out that attachments to the complaint show that plaintiff has been assigned to a lower bunk since about a year prior to the filing of the complaint. ECF No. 1 at 17-23.)  Accordingly, the court must revoke plaintiff's in forma pauperis status and require him to pay the filing fee.  Plaintiff requests 45 days in which to do so.

### III.    Order Recommendation

Accordingly, it is ORDERED that defendants' January 8, 2016 motion to strike plaintiff's sur-reply (ECF No. 24) is denied as moot.

Further, it is RECOMMENDED that defendants' September 11, 2015 motion for an order revoking plaintiff's in forma pauperis status (ECF No. 13) be granted and plaintiff be provided 45 days from the date of any order adopting this recommendation to submit the filing fee.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

---

[2] Defendants move to strike plaintiff's sur-reply as unauthorized.  With respect to motions, the local rules permit an opposition, and then a reply.  E.D. Cal. L. R. 230(*l*).  The rules do not provide for sur-replies, and plaintiff has not obtained permission from the court.  Nonetheless, the sur-reply simply rehashes arguments previously made and nothing raised in it alters the result on this motion.  Accordingly, the motion to strike is moot.

5

1 "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2 within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

3 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4 DATED:  August 2, 2016.

5

6 EDMUND F. BRENNAN
   UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28