UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN L. BROWN, | No. 2:15-cv-1212-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| GARDNER, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. Defendants seek dismissal of the case, arguing that plaintiff failed to exhaust his administrative remedies. For the reasons that follow, the motion should be granted in part and denied in part.

**I.  Background**

Plaintiff filed this case on June 5, 2015, alleging that various staff had been deliberately indifferent to his need to be placed in a lower bunk and that his back was injured when he fell from the upper bunk. ECF No. 1. In the section of the form complaint plaintiff filled out entitled "Administrative Remedies," plaintiff indicated that he had completed the grievance process at his institution concerning the facts of the complaint. *Id.* at 2. Plaintiff additionally appended three exhibits consisting of the grievance and official responses thereto. *Id.* at 15-25. Those exhibits reveal that plaintiff filed an appeal regarding the upper bunk placement and back injury on July

1

18, 2014. *Id.* at 16. He wrote that he was placed in an upper bunk on April 16, 2014. *Id.* He informed defendants Medina and Granado that he had a medical order ("chrono") for a lower bunk but was nevertheless placed in an upper bunk because "the medical staff did not inter [sic] my chrono into the institutional computer." *Id.* at 16-17. He fell from the top bunk on May 31, 2014. *Id.* at 17.

Plaintiff's exhibits include two pages of the first level appeal response. *Id.* at 18-19. It appears that at least one additional page is missing from that response, as there is no signature or decision section. The portion provided lists factual information regarding plaintiff's claims obtained by a Sergeant Muhammad, who conducted various interviews related to the claims. *Id.* Plaintiff did include the entirety of the second level appeal response, however, in which the reviewer notes that the first level appeal was denied because plaintiff had not "provided proof that he was injured as a result of staff conduct." *Id.* at 21. At the second level, the appeal was "partially granted" in that the reviewer determined that plaintiff had been placed in an upper bunk when he should have been placed in a lower bunk. *Id.* at 22. The appeal was denied insofar as plaintiff claimed that he fell from the upper bunk; the reviewer found no corroborating evidence of the fall. *Id.* Plaintiff's request for monetary compensation was also denied as outside the scope of the appeals process. *Id.* The second level appeal concluded with the note, "The appellant is advised that this appeal issue may be submitted for a Third Level of Review." *Id.* at 23.

A third exhibit to the complaint reveals that plaintiff did submit his grievance to the third level. *Id.* at 25. There, it was cancelled as untimely, because the reviewer concluded that plaintiff knew of the issue being appealed on April 16, 2014, when he was assigned an upper bunk. *Id.* Under state regulations, plaintiff had 30 days from that date to submit an appeal, but he had not done so. *Id.* The reviewer informed plaintiff that he could not resubmit the cancelled appeal. *Id.* However, he could grieve the cancellation decision and resubmit the appeal if the appeal of the cancellation were granted. *Id.*

/////

/////

1    Plaintiff's exhibits reveal that he did grieve the cancellation decision, on March 6, 2015. *Id.* at 26. But plaintiff did not append any further documents to the complaint to show how that grievance concluded.

## II. The Motion to Dismiss

### A. Governing Law

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions [under section 1983 of this title] until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "Prison conditions" subject to the exhaustion requirement have been defined broadly as "the effects of actions by government officials on the lives of persons confined in prison . . . ." 18 U.S.C. § 3626(g)(2); *Smith v. Zachary*, 255 F.3d 446, 449 (7th Cir. 2001); *see also Lawrence v. Goord*, 304 F.3d 198, 200 (2d Cir. 2002). To satisfy the exhaustion requirement, a grievance must alert prison officials to the claims the plaintiff has included in the complaint, but need only provide the level of detail required by the grievance system itself. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002) (the purpose of the exhaustion requirement is to give officials the "time and opportunity to address complaints internally before allowing the initiation of a federal case").

Prisoners who file grievances must use a form provided by the California Department of Corrections and Rehabilitation (CDCR Form 602), which instructs the inmate to describe the problem and outline the action requested. Title 15 of the California Code of Regulations, § 3084.2 provides further instructions, which include the direction to "list all staff member(s) involved" and "describe their involvement." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If the prisoner does not know the staff member's name, first initial, title or position, he must provide "any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." *Id.*

The grievance process, as defined by the regulations, has three levels of review to address an inmate's claims, subject to certain exceptions. *See* Cal. Code Regs. tit. 15, § 3084.7.

/////

Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims. *Id*. § 3084.1(b).

An appeal may be canceled for untimeliness at any stage of the review process. *Id.* § 3084.6(a)(5), (c)(4). Once an appeal has been canceled, the inmate may not resubmit it unless the appeals coordinator or third level appeals chief determines that the cancellation was in error or "new information is received which makes the appeal eligible for further review." *Id.* § 3084.6(a)(3). The inmate may grieve the cancellation separately, however. *Id.* § 3084.6(e). If the grievance of the cancellation is granted, the inmate may resubmit the appeal. *Id.* § 3084.6(a)(3).

According to state regulations, "a cancellation or rejection decision does not exhaust administrative remedies." *Id.* § 3084.1(b).

Proper exhaustion of available remedies is mandatory, *Booth v. Churner*, 532 U.S. 731, 741 (2001), and "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). For a remedy to be "available," there must be the "possibility of some relief . . . ." *Booth*, 532 U.S. at 738. Relying on *Booth*, the Ninth Circuit has held:

> [A] prisoner need not press on to exhaust further levels of review once he has received all "available" remedies at an intermediate level of review or has been reliably informed by an administrator that no remedies are available.

*Brown v. Valoff*, 422 F.3d 926, 935 (9th Cir. 2005).

Failure to exhaust is "an affirmative defense the defendant must plead and prove." *Jones*, 549 U.S. at 216 (2007). To bear this burden:

> [A] defendant must demonstrate that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of that process. Relevant evidence in so demonstrating would include statutes, regulations, and other official directives that explain the scope of the administrative review process; documentary or testimonial evidence from prison officials who administer the review process; and information provided to the prisoner concerning the operation of the grievance procedure in this case . . . . With regard to the latter category of evidence, information provided [to] the prisoner is pertinent because it informs our determination of whether relief was, as a practical matter, "available."

*Brown*, 422 F.3d at 936-37 (citations omitted). Once a defendant shows that the plaintiff did not

4

exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Albino v. Baca*, 747 F.3d 1162, 1172 (9th Cir. 2014) (en banc).

A defendant may move for dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) in the extremely rare event that the plaintiff's failure to exhaust administrative remedies is clear on the face of the complaint. *Id.* at 1166. "Otherwise, defendants must produce evidence proving failure to exhaust" in a summary judgment motion brought under Rule 56. *Id.* If the court concludes that plaintiff has failed to exhaust administrative remedies, the proper remedy is dismissal without prejudice. *Wyatt v. Terhune*, 315 F.3d 1108, 1120, overruled on other grounds by *Albino*, 747 F.3d 1162.

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

In this case, the court must determine whether the information in plaintiff's complaint concerning the exhaustion of his administrative remedies establishes a failure to exhaust. In addition, the court must conclude that plaintiff's complaint shows not only that he failed to exhaust his administrative remedies but also that those remedies were not effectively unavailable. *Sapp v. Kimbrell*, 623 F.3d 813, 822-23 (9th Cir. 2010) (holding that a prisoner may be excused from the exhaustion requirement where the conduct of prison officials rendered the administrative remedy effectively unavailable). Thus, in *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225-26 (10th Cir. 2007), the Tenth Circuit noted that "courts are obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Because the conduct of prison staff in processing a grievance is often an issue in determining whether the administrative system was actually available to the plaintiff and because such facts are not ordinarily pleaded in a complaint concerning other prison conditions, it is extraordinarily rare for

a court to be able to determine the exhaustion question by looking only at the face of the complaint, as it must on a Rule 12(b)(6) motion. *Id.* at 1225 ("[O]nly in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse.").

**B. Analysis**

Defendants raise three arguments in favor of dismissing some or all of plaintiff's claims on exhaustion grounds. First, defendants argue that plaintiff's claim against defendant Gardner must be dismissed because plaintiff failed to name Gardner in the grievance or provide any facts that would have alerted prison officials that plaintiff believed that a medical staff member had failed to properly inform custody staff of plaintiff's lower bunk chrono. State regulations provide:

> The inmate . . . shall list all staff member(s) involved and shall describe their involvement in the issue. To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question.

Cal. Code Regs. tit. 15, § 3084.2(a)(3) (2014). The appeal documents appended to the complaint show that plaintiff did not name Gardner or allege any wrongdoing by medical staff in that appeal.

Plaintiff does not dispute that he did not name Gardner in the grievance. He argues that he did not know the basis for his claim against Gardner – that Gardner had the responsibility to inform custody staff that plaintiff needed placement in a lower bunk – until an August 9, 2014 grievance-related interview. He also argues that, under *Jones v. Bock*, 549 U.S. 199 (2007), he was not required to name all defendants in the grievance. But *Jones* does not support that view. There, the Supreme Court held that a plaintiff was not required to name all defendants in his grievance where applicable state regulations did not require him to identify a responsible individual. *Id.* at 218. The Court held that, to properly exhaust, the inmate must comply with a state's procedural rules for grieving the issue and that it is those rules that define what is required

6

for exhaustion. *Id.* Here, unlike *Jones*, the state rules do require that an inmate identify the responsible parties or at least provide some information to help officials identify them. The grievance appended to the complaint shows that plaintiff did not do this with regard to defendant Gardner. Accordingly, plaintiff's claim against Gardner should be dismissed without prejudice.

Defendants next argue that plaintiff's remaining claims should be dismissed because he did not properly exhaust his administrative remedies because his grievance was properly cancelled. The exhibits to the complaint show that plaintiff's grievance was cancelled at the third level of review and that plaintiff filed another grievance on March 6, 2015 to challenge the cancellation, but plaintiff provides no other information regarding that second grievance's outcome. ECF No. 1 at 25-227. Defendants argue that, by attaching his grievance of the cancellation, plaintiff has "incorporated by reference" officials' response to that grievance and thus the court may consider that response, which defendants have provided.

Under the "incorporation by reference" doctrine, a court may consider, in ruling on a Rule 12(b)(6) motion, documents whose contents are alleged in a complaint and whose authenticity no party questions but which were not physically attached to the complaint. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). According to defendants, the response to the grievance shows that the cancellation was proper. However, the undersigned finds that plaintiff has not incorporated that response by reference in his complaint and it should therefore not be considered by the court. Plaintiff has not alleged the contents of prison officials' response to his second grievance in the complaint. He has merely appended one document – the second grievance – and nothing further. That grievance and the official response to it are separate documents. Defendants ask the court to consider additional evidence not alleged by plaintiff to determine whether to dismiss plaintiff's claims on exhaustion grounds. This the court may not do on a Rule 12(b)(6) motion. The facts contained in the complaint and its exhibits do not establish that plaintiff failed to exhaust administrative remedies that were available, and plaintiff disputes the propriety of the cancellation decision. Because defendants' argument depends on the consideration of evidence outside the complaint and the determination of disputed facts, the court should not dismiss plaintiff's remaining claims at this stage in the proceeding.

Lastly, defendants argue that plaintiff failed to exhaust his remedies prior to filing this case. This argument relies on a date contained in the official response to plaintiff's second grievance, a document that plaintiff has not included in his complaint or incorporated by reference, as discussed above. For that reason, the argument must wait for determination after a properly noticed and briefed motion for summary judgment.

Accordingly, the motion should be granted as to plaintiff's claims against defendant Gardner and otherwise denied without prejudice to defendants raising the issue in a motion made pursuant to Federal Rule of Civil Procedure 56, or at trial.

### III. Conclusion and Recommendation

For the foregoing reasons, it is hereby RECOMMENDED that defendants' December 6, 2016 motion to dismiss (ECF No. 29) be granted in part to dismiss without prejudice plaintiff's claims against defendant Gardner for failure to exhaust and be otherwise denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: August 7, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE