UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRIAN L. BROWN,

    Plaintiff,

    v.

GARDNER, et al.,

    Defendants.

No. 2:15-cv-1212-JAM-EFB P

ORDER

    Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, has filed two motions to compel (ECF Nos. 41, 42), which defendants oppose (ECF Nos. 43, 44). For the reasons stated below, the motions are denied.

    Plaintiff's first motion, dated March 12, 2018, is a request for production of documents. ECF No. 41. Such a request must be served on the opposing party rather than filed with the court. *See* E.D. Cal. L.R. 250.2-250.4. Plaintiff never served defendants with this request and, even if he had, it would have been untimely under the court's discovery and scheduling order. ECF No. 43; ECF No. 40 at 4 (requiring that all written discovery be served no later than March 2, 2018). For these reasons, this motion is denied.

    Plaintiff's second motion, dated April 4, 2018, includes requests for interrogatories. ECF No. 42. As with requests for production, interrogatories must also be served on the opposing party rather than filed with the court. *See* E.D. Cal. L.R. 250.2-250.4. Plaintiff did not serve

1

defendants with these interrogatories and, even if he had, they also would have been untimely under the court's discovery and scheduling order. ECF No. 44; ECF No. 40 at 4 (requiring that all written discovery be served no later than March 2, 2018).

Plaintiff's second motion also seeks to compel a response to plaintiff's first set of requests for production, request number six. ECF No. 42. That request sought "CALIFORNIA DEPARTMENT OF CORRECTIONS ARTICLE 22 OF THE DEPARTMENT OF OPERATIONS MANUAL." ECF No. 44 at 3. Defendants replied with the following objection:

> Defendants object to this request on the ground that Plaintiff fails to state with reasonable particularity the documents sought as required under Rule 34 of the Federal Rules of Civil Procedure. There are multiple articles entitled "Article 22," in the California Department Operations Manual (DOM), contained within different chapters of the DOM. And all sections entitled "Chapter 22" are not relevant to any claim or defense in this action. Fed. R. Civ. P. 26(b)(1).

*Id.* Plaintiff makes no argument as to why defendants' objections, which appear well-founded, are inadequate. Rather, his motion narrows his request as seeking only "the departmental policy that a housing unit officer is required to follow when presented with a medical chrono by an inmate." ECF No. 42 at 1. While that provides some specificity, defendants represent to the court that they have already produced to plaintiff the sections of the DOM that are relevant to this narrowed request. ECF. No. 44 at 4. Plaintiff does not dispute this assertion or otherwise explain why the produced documents are non-responsive or otherwise inadequate to satisfy this narrowed request. For these reasons, plaintiff's second motion to compel is also denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motions to compel (ECF Nos. 41, 42) are denied.

DATED: June 21, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

2